

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,764-01

### EX PARTE DEMETRIUS BEASON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W16-52471-M(A) IN THE 194TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*. YEARY, J., filed a dissenting opinion.

### O P I N I O N

Applicant was convicted of burglary of a habitation and sentenced to 10 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied due process when, through no fault of his own, the trial court lost jurisdiction to consider him for shock probation. The court advised him on the date of sentencing that it would consider him for shock probation if he had no issues while in custody for 180 days. Three days before the deadline, Applicant was returned to the trial court for consideration of release on shock probation. The ADA stated that he would not object to shock probation and he had spoken with the probation department about the conditions of release.

However, without the parties' or trial court's knowledge, Applicant was returned to the jail before the hearing. The hearing was rescheduled for four days later, or the 181st day after Applicant's conviction. By then, the trial court had no jurisdiction to grant shock probation. But for Applicant's having been returned to jail on the date of the first hearing, the trial court would have considered him for shock probation.

The State and the trial court concur that Applicant "was removed from the underlying proceedings by a State actor at no fault of his own" and that Applicant was prevented from "return[ing] to the trial court in a timely manner at no fault of his own." They recommend granting relief.

Relief is granted. The sentence in cause number F16-52471-M in the 194th District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County for a new punishment hearing on the revocation of his deferred adjudication. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: June 28, 2023
Do not publish